IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ENRIQUE MONREAL MARTINEZ, ALFONSO MONREAL MARTINEZ, DAVID TORRES,    Plaintiff, v. CARROLLTON SHM - OAK MOUNTAIN, LLC DBA OAK MOUNTAIN GOLF CLUB,    Defendant. | Civil Action No. 3:15-cv-16-TCB JURY TRIAL DEMANDED |

_____

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiffs Enrique Monreal Martinez, Alfonso Monreal Martinez, and David Torres (hereinafter "Plaintiffs"), and files this lawsuit against Defendant Carrollton SHM - Oak Mountain, LLC dba Oak Mountain Golf Club (hereinafter collectively "Defendant"), and shows the following:

**I. Nature of Complaint**

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiffs in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiffs' employment with Defendant (hereinafter referred to as the "relevant time period").

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Carrollton SHM - Oak Mountain, LLC dba Oak Mountain Golf Club is a Georgia corporation, and the unlawful employment practices described herein occurred at 409 Birkdale Boulevard , Carrollton, GA, 30116. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. **Parties**

5.

Plaintiffs are residents of the State of Georgia.

6.

Plaintiffs worked for the Defendant from 2010 through August 2014 as landscapers.

7.

Plaintiffs were "employees" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

8.

Plaintiffs performed non-exempt labor for the Defendant within the last three years.

9.

Defendant employed the Plaintiffs during the relevant time period.

10.

During the relevant time period, Plaintiffs worked an amount of time that was more than forty (40) hours per workweek and were not paid the overtime wage differential.

11.

Defendant Carrollton SHM - Oak Mountain, LLC dba Oak Mountain Golf Club is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Carrollton SHM - Oak Mountain, LLC dba Oak Mountain Golf Club is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

13.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## IV. Facts

14.

Plaintiffs worked for the Defendants within the past three years.

15.

Plaintiffs' primary duty was to perform manual labor for Defendants, including performing lawn maintenance work for Defendant's golf course.

16.

Plaintiffs were not responsible for supervising any employees.

17.

Plaintiffs were paid on a salary basis.

18.

During the course of their employment with Defendant, Plaintiffs were required to work over forty (40) hours in given work weeks.

19.

During Plaintiff's employment with the Defendants, Plaintiffs were not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

### V. **Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.**

20.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiffs worked in excess of forty (40) hours in a workweek.

21.

Defendant suffered and permitted Plaintiffs to routinely work more than forty (40) hours per week without overtime compensation.

22.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs at the required overtime rate.

24.

Defendant knew, or showed reckless disregard for the fact that it failed to pay these individuals overtime compensation in violation of the FLSA.

25.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiffs, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

26.

Defendant's conduct was willful and in bad faith.

27

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiffs bring this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VII.  Prayer for Relief

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(A)   Grant Plaintiffs a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiffs unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(D)   Award Plaintiffs such further and additional relief as may be just and appropriate.

Respectfully submitted the 23rd day of January, 2015.

                        **BARRETT & FARAHANY, LLP**

                        _____
                        Abigail J. Larimer
                        Georgia Bar No. 999229
                        Attorney for Plaintiffs

1100 Peachtree Street NE

Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile