# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ENRIQUE MONREAL MARTINEZ,
ALFONSO MONREAL MARTINEZ,
DAVID TORRES

          Plaintiffs,

          v.

CARROLLTON SHM – OAK
MOUNTAIN, LLC D/B/A OAK
MOUNTAIN GOLF CLUB,

          Defendant.

Civil Action No. 3:15-cv-16-TCB

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

1.    This Settlement Agreement and General Release ("Agreement") is entered into by and between ENRIQUE MONREAL MARTINEZ ("Martinez"), and CARROLLTON SHM – OAK MOUNTAIN, LLC d/b/a OAK MOUNTAIN GOLF CLUB (the "Oak Mountain"), on its own behalf and on behalf of its past and present parents, subsidiaries and affiliates, and its past and present predecessors, successors, assigns, representatives, officers, directors, agents and employees.

2.    **Non-Admission**.  This Agreement does not constitute an admission by Oak Mountain of any violation of any law or statute and the parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

3.    Martinez (and his co-defendants David Torres and Alfonso Monreal Martinez) filed the instant lawsuit entitled *Enrique Monreal Martinez, Alfonso Monreal Martinez, David Torres v. Carrollton SHM – Oak Mountain, LLC d/b/a Oak Mountain Gold Club*, Civil Action No. 3:15-cv-16-TCB, in the Northern District of Georgia, Atlanta Division, under the Fair Labor Standards Act

("FLSA"). Martinez and Oak Mountain desire fully and finally to resolve this litigation and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Martinez against Oak Mountain relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed. Martinez represents that no other charges, actions or claims are pending on his behalf, other than those set forth in this paragraph.

4.   **Settlement Payment**.  In consideration for signing this Agreement and the fulfillment of the promises herein, Oak Mountain agrees to pay Martinez the total sum of EIGHT THOUSAND DOLLARS AND NO CENTS ($8,000.00).  This payment is inclusive of all claims for attorneys' fees and expenses. The payment will be made, within ten (10) business days after Oak Mountain receives the original executed Agreement by Martinez, the Court dismisses the lawsuit and receipt of W-9's executed by Martinez and Barrett & Farahany, LLP, as follows:

   (a)   **Payment to Martinez for Claims for Lost Wages**. Oak Mountain agrees to pay Martinez, as payment for claims for lost wages, the sum of TWO THOUSAND THREE HUNDRED SEVENTEEN DOLLARS AND TWELVE CENTS ($2,317.12), less all applicable withholding taxes and payroll deductions.

   (b)   **Payment to Martinez for Claims of Liquidated Damages**.  Oak Mountain agrees to pay Martinez, as payment for liquidated damages, the sum of TWO THOUSAND THREE HUNDRED SEVENTEEN DOLLARS AND ELEVEN CENTS ($2,317.11). Martinez will be issued a 1099 for this amount.

   (c)   **Payment to Martinez made payable to Martinez's Attorney**. Oak Mountain agrees to pay Martinez the sum of THREE THOUSAND THREE HUNDRED SIXTY-FIVE DOLLARS AND SEVENTY-SEVEN CENTS ($3,365.77) in a check made payable to Martinez's attorneys, Barrett & Farahany, LLP will be issued a 1099 for this amount. **Martinez and Oak Mountain specifically are aware of, and agree with, the amount of attorneys' fees and costs to be paid to Martinez's counsel for representing Martinez's interests in this matter.**

Martinez acknowledges that the payment of the monies by Oak Mountain identified herein constitutes full and complete payment of any unpaid wages and related damages allegedly owed to her at the time of execution of this Agreement

and that he sought in this action, and agrees not to pursue any additional claim based on alleged overtime or unpaid wages. Martinez agrees that upon receipt of the settlement funds described in Paragraph 4 above, his claims raised in this action will be moot.

5.   **Review of the Court**. The Parties further request that the Court review and approve this Agreement and that the Court, accordingly, dismiss, with prejudice, the above-styled lawsuit, presently pending in the United States District Court for the Northern District of Georgia, upon the effective date of this compromise Settlement Agreement. It is also agreed that in the event the above-numbered and entitled lawsuit is not dismissed with prejudice, this compromise Settlement Agreement shall become null and void, ab initio.

6.   **Mutual Waiver and Release of Claims**. In exchange for mutual releases as consideration, Martinez, on his own behalf, Martinez's descendants, dependents, heirs, executors, administrators, assigns, and successors, and fully, finally and forever releases and discharges Oak Mountain, its past and present parents, subsidiaries and affiliates, and its respective past and present predecessors, successors, assigns, representatives, officers, directors, agents and employees ("Releasees"), from any and all claims and rights of any kind that Martinez may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, arising out of or in any way connected with Martinez's employment with Oak Mountain as of the date this Agreement is executed. These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act, the Americans With Disabilities Act, the Age Discrimination in Employment Act, Sections 503 and 504 of the Rehabilitation Act of 1973, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the Older Workers' Benefit Protection Act, the Workers' Adjustment and Retraining Notification Act, as amended, state, civil or statutory laws, including any and all human rights laws and laws against discrimination or retaliation, any other federal, state or local fair employment or whistle-blower statute, code or ordinance, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, and any and all claims for attorneys' fees. Martinez represents that he knows of no claim that Martinez has that has not been released by this paragraph. In exchange for Martinez's General Release of Oak Mountain, described herein, Oak Mountain agrees to release Martinez from any and all claims or counterclaims related to Martinez's

employment with Oak Mountain that arose or could have arisen prior to the date of the execution of this Agreement.

7.      **Non-Interference.**   Nothing in this Agreement shall interfere with the Martinez's right to file a charge, cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations, or other federal or state regulatory or law enforcement agency.  However, the consideration provided to Martinez in this Agreement shall be the sole relief provided to Martinez for the claims that are released by him herein and Martinez will not be entitled to recover and agrees to waive any monetary benefits or recovery against Oak Mountain in connection with any such claim, charge or proceeding without regard to who has brought such Complaint or Charge.

8.      **Payment of Applicable Taxes**.  Martinez is and shall be solely responsible for all federal, state and local taxes that may be owed by Martinez by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Martinez agrees to indemnify and hold Oak Mountain harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Martinez under this Agreement unless such liability is caused by an action or inaction of Oak Mountain.

9.      **Confidentiality and Non-Disclosure**. Martinez agrees not to directly or indirectly, reveal, disclose, or cause to be revealed, the fact of and terms of this Agreement, including the amount of this settlement to anyone except his attorneys or accountants.  This prohibition from disclosure includes the press and media. However, this prohibition does not preclude any disclosure compelled by force of law.  Martinez agrees that if he finds it necessary to disclose the existence or terms of this Agreement to his accountant or attorney he will advise such person(s) that they are under an obligation to maintain the confidentiality of such information. Martinez agrees that disclosure to third parties of the existence or terms of this Agreement shall constitute a breach of this Agreement and entitle Oak Mountain to actual damages incurred, in addition to any other legal or equitable remedies and attorneys' fees and costs.   The payment of actual damages pursuant to this paragraph does not release Martinez from the promises he has made in this Agreement.

10.  **Transfer of Claims**.  The Parties represent and warrant they have not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim.  The Parties each agree to indemnify and hold the others harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer.  The Parties further warrant that there is nothing that would prohibit each Party from entering into this Agreement.

11.  **No Future Employment.**  Martinez agrees and recognizes that his relationship with Oak Mountain has been permanently and irrevocably severed. Martinez hereby understands and agrees that he will not be re-employed by Oak Mountain or any of its related entities in the future and that Martinez will never knowingly apply to for any job or position in the future.  Martinez agrees that if he knowingly or unknowingly applies for a position and is offered or accepts a position with Oak Mountain or its related entities, the offer may be withdrawn and Martinez may be terminated without notice, cause, or legal recourse.

12.  **Non-Disparagement and Incitement of Claims**.  Martinez agrees that he will not make or cause to be made any statements that disparage or damage the reputation of Oak Mountain or its related entities.  Martinez also agrees that he will not encourage or incite other current or former employees of Oak Mountain to disparage or assert any complaint, claim or charge, or to initiate any legal proceeding, against Oak Mountain or its related entities.

13.  **Martinez is Not Prevailing Party**.  Martinez shall not be considered a prevailing party for any purpose.

14.  **Breach**.  The Parties acknowledge that if either materially breaches or threatens to materially breach this Agreement, including but not limited to the Parties' obligations in the paragraphs pertaining to Confidentiality, and/or commences a suit or action or complaint in contravention of this release and waiver of claims, the Parties' obligations to perform under this Agreement immediately shall cease and the aggrieved Party shall be entitled to all other remedies allowed in law or equity, specifically including liquidated damages.  The prevailing party in such an action is entitled to attorneys' fees and costs.  The parties agree that they shall request that the District Court for the Northern District of Georgia retain jurisdiction over any action arising under this paragraph.  If the District Court refuses jurisdiction, the Parties agree that such action may be filed in

any Georgia state court of competent jurisdiction. Martinez and Oak Mountain hereby expressly waive any and all right to a trial by jury with respect to any action, proceeding or other litigation resulting from or involving the enforcement of this Agreement or otherwise related to his employment with Oak Mountain.

15.   **Entire Agreement**.  This Agreement contains the entire agreement and understanding between Martinez and Oak Mountain with respect to any and all disputes or claims that Martinez has, or could have had, against Oak Mountain as of the date this Agreement is executed, and supersedes all other agreements between Martinez and Oak Mountain with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by both Martinez and Oak Mountain.

16.   **Severability**.  The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect.  Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the Parties.

17.   **Parties' Acknowledgement.**   **The Parties acknowledge that no representation, promise or inducement has been made other than as set forth in this Agreement, and that the Parties enter into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. The Parties further acknowledge and represent that each assumes the risk for any mistake of fact now known or unknown, and that each Party understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Martinez also acknowledges: (a) that he has consulted with or has had the opportunity to consult with an attorney of his choosing concerning this Agreement and has been advised to do so by Oak Mountain; and (b) that Martinez has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or Martinez's Attorney's advice. Martinez acknowledges that he has been given a reasonable time to consider the terms of this Agreement. Martinez acknowledges that the proceeds of this Agreement shall not be cause for the recomputation of any of his individual benefits that may have been**

provided by Oak Mountain, including but not limited to, retirement benefits. Martinez further represents and agrees that the terms of this Agreement have been translated to him in Spanish, and that he thoroughly discussed all aspects of this Agreement, fully understands all of the provisions of this Agreement, and that he is voluntarily entering into this Agreement.

18.     **Headings**.   The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

19.     **Execution**.   This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

DATE: 7 - 9 - 15

Signature: Enrique Monreal
ENRIQUE MONREAL MARTINEZ

DATE: 7/20/15

Signature: _____
CARROLLTON SHM – OAK
MOUNTAIN, LLC d/b/a OAK
MOUNTAIN GOLF CLUB

WSACTIVELLP.7621545.1

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ENRIQUE MONREAL MARTINEZ, ALFONSO MONREAL MARTINEZ, DAVID TORRES | |
| Plaintiffs, | Civil Action No. 3:15-cv-16-TCB |
| v. | |
| CARROLLTON SHM – OAK MOUNTAIN, LLC D/B/A OAK MOUNTAIN GOLF CLUB, | |
| Defendant. | |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

1.      This Settlement Agreement and General Release ("Agreement") is entered into by and between ALFONSO MONREAL MARTINEZ ("Martinez"), and CARROLLTON SHM – OAK MOUNTAIN, LLC d/b/a OAK MOUNTAIN GOLF CLUB ("Oak Mountain"), on its own behalf and on behalf of its past and present parents, subsidiaries and affiliates, and its past and present predecessors, successors, assigns, representatives, officers, directors, agents and employees.

2.      **Non-Admission.**  This Agreement does not constitute an admission by Oak Mountain of any violation of any law or statute and the parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

3.      Martinez (and his co-defendants David Torres and Enrique Monreal Martinez) filed the instant lawsuit entitled *Enrique Monreal Martinez, Alfonso Monreal Martinez, David Torres v. Carrollton SHM – Oak Mountain, LLC d/b/a Oak Mountain Gold Club*, Civil Action No. 3:15-cv-16-TCB, in the Northern District of Georgia, Atlanta Division, under the Fair Labor Standards Act ("FLSA").  Martinez and Oak Mountain desire fully and finally to resolve this

litigation and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Martinez against Oak Mountain relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed.  Martinez represents that no other charges, actions or claims are pending on his behalf, other than those set forth in this paragraph.

4.     **Settlement Payment**.  In consideration for signing this Agreement and the fulfillment of the promises herein, Oak Mountain agrees to pay Martinez the total sum of EIGHT THOUSAND DOLLARS AND NO CENTS ($8,000.00).  This payment is inclusive of all claims for attorneys' fees and expenses.  The payment will be made, within ten (10) business days after Oak Mountain receives the original executed Agreement by Martinez, the Court dismisses the lawsuit and receipt of W-9's executed by Martinez and Barrett & Farahany, LLP, as follows:

(a)     **Payment to Martinez for Claims for Lost Wages**. Oak Mountain agrees to pay Martinez, as payment for claims for lost wages, the sum of TWO THOUSAND THREE HUNDRED SEVENTEEN DOLLARS AND TWELVE CENTS ($2,317.12), less all applicable withholding taxes and payroll deductions.

(b)     **Payment to Martinez for Claims of Liquidated Damages**.  Oak Mountain agrees to pay Martinez, as payment for liquidated damages, the sum of TWO THOUSAND THREE HUNDRED SEVENTEEN DOLLARS AND ELEVEN CENTS ($2,317.11).  Martinez will be issued a 1099 for this amount.

(c)     **Payment to Martinez made payable to Martinez's Attorney**.  Oak Mountain agrees to pay Martinez the sum of THREE THOUSAND THREE HUNDRED SIXTY-FIVE DOLLARS AND SEVENTY-SEVEN CENTS ($3,365.77) in a check made payable to Martinez's attorneys, Barrett & Farahany, LLP will be issued a 1099 for this amount. **Martinez and Oak Mountain specifically are aware of, and agree with, the amount of attorneys' fees and costs to be paid to Martinez's counsel for representing Martinez's interests in this matter.**

Martinez acknowledges that the payment of the monies by Oak Mountain identified herein constitutes full and complete payment of any unpaid wages and related damages allegedly owed to her at the time of execution of this Agreement and that he sought in this action, and agrees not to pursue any additional claim

based on alleged overtime or unpaid wages. Martinez agrees that upon receipt of the settlement funds described in Paragraph 4 above, his claims raised in this action will be moot.

5.     **Review of the Court.** The Parties further request that the Court review and approve this Agreement and that the Court, accordingly, dismiss, with prejudice, the above-styled lawsuit, presently pending in the United States District Court for the Northern District of Georgia, upon the effective date of this compromise Settlement Agreement. It is also agreed that in the event the above-numbered and entitled lawsuit is not dismissed with prejudice, this compromise Settlement Agreement shall become null and void, ab initio.

6.     **Mutual Waiver and Release of Claims.** In exchange for mutual releases as consideration, Martinez, on his own behalf, Martinez's descendants, dependents, heirs, executors, administrators, assigns, and successors, and fully, finally and forever releases and discharges Oak Mountain, its past and present parents, subsidiaries and affiliates, and its respective past and present predecessors, successors, assigns, representatives, officers, directors, agents and employees ("Releasees"), from any and all claims and rights of any kind that Martinez may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, arising out of or in any way connected with Martinez's employment with Oak Mountain as of the date this Agreement is executed. These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act, the Americans With Disabilities Act, the Age Discrimination in Employment Act, Sections 503 and 504 of the Rehabilitation Act of 1973, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the Older Workers' Benefit Protection Act, the Workers' Adjustment and Retraining Notification Act, as amended, state, civil or statutory laws, including any and all human rights laws and laws against discrimination or retaliation, any other federal, state or local fair employment or whistle-blower statute, code or ordinance, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, and any and all claims for attorneys' fees. Martinez represents that he knows of no claim that Martinez has that has not been released by this paragraph. In exchange for Martinez's General Release of Oak Mountain, described herein, Oak Mountain agrees to release Martinez from any and all claims or counterclaims related to Martinez's employment with Oak Mountain that arose or could have arisen prior to the date of the execution of this Agreement.

7.    **Non-Interference**.    Nothing in this Agreement shall interfere with the Martinez's right to file a charge, cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations, or other federal or state regulatory or law enforcement agency.  However, the consideration provided to Martinez in this Agreement shall be the sole relief provided to Martinez for the claims that are released by him herein and Martinez will not be entitled to recover and agrees to waive any monetary benefits or recovery against Oak Mountain in connection with any such claim, charge or proceeding without regard to who has brought such Complaint or Charge.

8.    **Payment of Applicable Taxes**.  Martinez is and shall be solely responsible for all federal, state and local taxes that may be owed by Martinez by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Martinez agrees to indemnify and hold Oak Mountain harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Martinez under this Agreement unless such liability is caused by an action or inaction of Oak Mountain.

9.    **Confidentiality and Non-Disclosure**. Martinez agrees not to directly or indirectly, reveal, disclose, or cause to be revealed, the fact of and terms of this Agreement, including the amount of this settlement to anyone except his attorneys or accountants.  This prohibition from disclosure includes the press and media. However, this prohibition does not preclude any disclosure compelled by force of law.  Martinez agrees that if he finds it necessary to disclose the existence or terms of this Agreement to his accountant or attorney he will advise such person(s) that they are under an obligation to maintain the confidentiality of such information. Martinez agrees that disclosure to third parties of the existence or terms of this Agreement shall constitute a breach of this Agreement and entitle Oak Mountain to actual damages incurred, in addition to any other legal or equitable remedies and attorneys' fees and costs.   The payment of actual damages pursuant to this paragraph does not release Martinez from the promises he has made in this Agreement.

10.   **Transfer of Claims**.   The Parties represent and warrant they have not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim.  The Parties each

agree to indemnify and hold the others harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. The Parties further warrant that there is nothing that would prohibit each Party from entering into this Agreement.

11.    **No Future Employment**. Martinez agrees and recognizes that his relationship with Oak Mountain has been permanently and irrevocably severed. Martinez hereby understands and agrees that he will not be re-employed by Oak Mountain or any of its related entities in the future and that Martinez will never knowingly apply to for any job or position in the future. Martinez agrees that if he knowingly or unknowingly applies for a position and is offered or accepts a position with Oak Mountain or its related entities, the offer may be withdrawn and Martinez may be terminated without notice, cause, or legal recourse.

12.    **Non-Disparagement and Incitement of Claims**. Martinez agrees that he will not make or cause to be made any statements that disparage or damage the reputation of Oak Mountain or its related entities. Martinez also agrees that he will not encourage or incite other current or former employees of Oak Mountain to disparage or assert any complaint, claim or charge, or to initiate any legal proceeding, against Oak Mountain or its related entities.

13.    **Martinez is Not Prevailing Party**. Martinez shall not be considered a prevailing party for any purpose.

14.    **Breach**. The Parties acknowledge that if either materially breaches or threatens to materially breach this Agreement, including but not limited to the Parties' obligations in the paragraphs pertaining to Confidentiality, and/or commences a suit or action or complaint in contravention of this release and waiver of claims, the Parties' obligations to perform under this Agreement immediately shall cease and the aggrieved Party shall be entitled to all other remedies allowed in law or equity, specifically including liquidated damages. The prevailing party in such an action is entitled to attorneys' fees and costs. The parties agree that they shall request that the District Court for the Northern District of Georgia retain jurisdiction over any action arising under this paragraph. If the District Court refuses jurisdiction, the Parties agree that such action may be filed in any Georgia state court of competent jurisdiction. Martinez and Oak Mountain hereby expressly waive any and all right to a trial by jury with respect to any

action, proceeding or other litigation resulting from or involving the enforcement of this Agreement or otherwise related to his employment with Oak Mountain.

15. **Entire Agreement**.  This Agreement contains the entire agreement and understanding between Martinez and Oak Mountain with respect to any and all disputes or claims that Martinez has, or could have had, against Oak Mountain as of the date this Agreement is executed, and supersedes all other agreements between Martinez and Oak Mountain with regard to such disputes or claims.  This Agreement shall not be changed unless in writing and signed by both Martinez and Oak Mountain.

16. **Severability**.  The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect.  Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the Parties.

17. **Parties' Acknowledgement.**  **The Parties acknowledge that no representation, promise or inducement has been made other than as set forth in this Agreement, and that the Parties enter into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. The Parties further acknowledge and represent that each assumes the risk for any mistake of fact now known or unknown, and that each Party understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted.  Martinez also acknowledges: (a) that he has consulted with or has had the opportunity to consult with an attorney of his choosing concerning this Agreement and has been advised to do so by Oak Mountain; and (b) that Martinez has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or Martinez's Attorney's advice.  Martinez acknowledges that he has been given a reasonable time to consider the terms of this Agreement. Martinez acknowledges that the proceeds of this Agreement shall not be cause for the recomputation of any of his individual benefits that may have been provided by Oak Mountain, including but not limited to, retirement benefits. Martinez further represents and agrees that the terms of this Agreement have**

been translated to him in Spanish, and that he thoroughly discussed all aspects of this Agreement, fully understands all of the provisions of this Agreement, and that he is voluntarily entering into this Agreement.

18.    **Headings.**  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

19.    **Execution.**  This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

DATE: 7/9/15

Signature: Alfonso Monreal
ALFONSO MONREAL MARTINEZ

DATE: 7/20/15

Signature: Kim Hagg
CARROLLTON/SHM – OAK
MOUNTAIN, LLC d/b/a OAK
MOUNTAIN GOLF CLUB

WSACTIVELLP 7621574 1

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ENRIQUE MONREAL MARTINEZ,
ALFONSO MONREAL MARTINEZ,
DAVID TORRES

       Plaintiffs,

       v.

CARROLLTON SHM – OAK
MOUNTAIN, LLC D/B/A OAK
MOUNTAIN GOLF CLUB,

       Defendant.

Civil Action No. 3:15-cv-16-TCB

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

1.     This Settlement Agreement and General Release ("Agreement") is entered into by and between DAVID TORRES ("Torres"), and CARROLLTON SHM – OAK MOUNTAIN, LLC d/b/a OAK MOUNTAIN GOLF CLUB ("Oak Mountain"), on its own behalf and on behalf of its past and present parents, subsidiaries and affiliates, and its past and present predecessors, successors, assigns, representatives, officers, directors, agents and employees.

2.     **Non-Admission**.  This Agreement does not constitute an admission by Oak Mountain of any violation of any law or statute and the parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

3.     Torres (and his co-defendants Enrique Monreal Martinez and Alfonso Monreal Martinez) filed the instant lawsuit entitled *Enrique Monreal Martinez, Alfonso Monreal Martinez, David Torres v. Carrollton SHM – Oak Mountain, LLC d/b/a Oak Mountain Gold Club*, Civil Action No. 3:15-cv-16-TCB, in the Northern District of Georgia, Atlanta Division, under the Fair Labor Standards Act ("FLSA").  Torres and Oak Mountain desire fully and finally to resolve this

litigation and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Torres against Oak Mountain relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed.  Torres represents that no other charges, actions or claims are pending on his behalf, other than those set forth in this paragraph.

4.   **Settlement Payment**.  In consideration for signing this Agreement and the fulfillment of the promises herein, Oak Mountain agrees to pay Torres the total sum of EIGHT THOUSAND DOLLARS AND NO CENTS ($8,000.00).   This payment is inclusive of all claims for attorneys' fees and expenses.  The payment will be made, within ten (10) business days after Oak Mountain receives the original executed Agreement by Torres, the Court dismisses the lawsuit and receipt of W-9's executed by Torres and Barrett & Farahany, LLP, as follows:

(a)   **Payment to Torres for Claims for Lost Wages**.  Oak Mountain agrees to pay Torres, as payment for claims for lost wages, the sum of TWO THOUSAND THREE HUNDRED SEVENTEEN DOLLARS AND TWELVE CENTS ($2,317.12), less all applicable withholding taxes and payroll deductions.

(b)   **Payment to Torres for Claims of Liquidated Damages**.  Oak Mountain agrees to pay Torres, as payment for liquidated damages, the sum of TWO THOUSAND THREE HUNDRED SEVENTEEN DOLLARS AND ELEVEN CENTS ($2,317.11).  Torres will be issued a 1099 for this amount.

(c)   **Payment to Torres made payable to Torres' Attorney**.  Oak Mountain agrees to pay Torres the sum of THREE THOUSAND THREE HUNDRED SIXTY-FIVE DOLLARS AND SEVENTY-SEVEN CENTS ($3,365.77) in a check made payable to Torres' attorneys, Barrett & Farahany, LLP will be issued a 1099 for this amount. **Torres and Oak Mountain specifically are aware of, and agree with, the amount of attorneys' fees and costs to be paid to Torres' counsel for representing Torres' interests in this matter.**

Torres acknowledges that the payment of the monies by Oak Mountain identified herein constitutes full and complete payment of any unpaid wages and related damages allegedly owed to her at the time of execution of this Agreement and that he sought in this action, and agrees not to pursue any additional claim

based on alleged overtime or unpaid wages. Torres agrees that upon receipt of the settlement funds described in Paragraph 4 above, his claims raised in this action will be moot.

5.   **Review of the Court**. The Parties further request that the Court review and approve this Agreement and that the Court, accordingly, dismiss, with prejudice, the above-styled lawsuit, presently pending in the United States District Court for the Northern District of Georgia, upon the effective date of this compromise Settlement Agreement. It is also agreed that in the event the above-numbered and entitled lawsuit is not dismissed with prejudice, this compromise Settlement Agreement shall become null and void, ab initio.

6.   **Mutual Waiver and Release of Claims**. In exchange for mutual releases as consideration, Torres, on his own behalf, Torres' descendants, dependents, heirs, executors, administrators, assigns, and successors, and fully, finally and forever releases and discharges Oak Mountain, its past and present parents, subsidiaries and affiliates, and its respective past and present predecessors, successors, assigns, representatives, officers, directors, agents and employees ("Releasees"), from any and all claims and rights of any kind that Torres may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, arising out of or in any way connected with Torres' employment with Oak Mountain as of the date this Agreement is executed. These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act, the Americans With Disabilities Act, the Age Discrimination in Employment Act, Sections 503 and 504 of the Rehabilitation Act of 1973, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the Older Workers' Benefit Protection Act, the Workers' Adjustment and Retraining Notification Act, as amended, state, civil or statutory laws, including any and all human rights laws and laws against discrimination or retaliation, any other federal, state or local fair employment or whistle-blower statute, code or ordinance, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, and any and all claims for attorneys' fees. Torres represents that he knows of no claim that Torres has that has not been released by this paragraph. In exchange for Torres' General Release of Oak Mountain, described herein, Oak Mountain agrees to release Torres from any and all claims or counterclaims related to Torres' employment with Oak Mountain that arose or could have arisen prior to the date of the execution of this Agreement.

7.    **Non-Interference**.   Nothing in this Agreement shall interfere with the Torres' right to file a charge, cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations, or other federal or state regulatory or law enforcement agency.  However, the consideration provided to Torres in this Agreement shall be the sole relief provided to Torres for the claims that are released by him herein and Torres will not be entitled to recover and agrees to waive any monetary benefits or recovery against Oak Mountain in connection with any such claim, charge or proceeding without regard to who has brought such Complaint or Charge.

8.    **Payment of Applicable Taxes**.  Torres is and shall be solely responsible for all federal, state and local taxes that may be owed by Torres by virtue of the receipt of any portion of the monetary payment provided under this Agreement.  Torres agrees to indemnify and hold Oak Mountain harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Torres under this Agreement unless such liability is caused by an action or inaction of Oak Mountain.

9.    **Confidentiality and Non-Disclosure**. Torres agrees not to directly or indirectly, reveal, disclose, or cause to be revealed, the fact of and terms of this Agreement, including the amount of this settlement to anyone except his attorneys or accountants.  This prohibition from disclosure includes the press and media.  However, this prohibition does not preclude any disclosure compelled by force of law.  Torres agrees that if he finds it necessary to disclose the existence or terms of this Agreement to his accountant or attorney he will advise such person(s) that they are under an obligation to maintain the confidentiality of such information.  Torres agrees that disclosure to third parties of the existence or terms of this Agreement shall constitute a breach of this Agreement and entitle Oak Mountain to actual damages incurred, in addition to any other legal or equitable remedies and attorneys' fees and costs.  The payment of actual damages pursuant to this paragraph does not release Torres from the promises he has made in this Agreement.

10.   **Transfer of Claims**.  The Parties represent and warrant they have not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim.  The Parties each

agree to indemnify and hold the others harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. The Parties further warrant that there is nothing that would prohibit each Party from entering into this Agreement.

11.     **No Future Employment.** Torres agrees and recognizes that his relationship with Oak Mountain has been permanently and irrevocably severed. Torres hereby understands and agrees that he will not be re-employed by Oak Mountain or any of its related entities in the future and that Torres will never knowingly apply to for any job or position in the future. Torres agrees that if he knowingly or unknowingly applies for a position and is offered or accepts a position with Oak Mountain or its related entities, the offer may be withdrawn and Torres may be terminated without notice, cause, or legal recourse.

12.     **Non-Disparagement and Incitement of Claims**. Torres agrees that he will not make or cause to be made any statements that disparage or damage the reputation of Oak Mountain or its related entities. Torres also agrees that he will not encourage or incite other current or former employees of Oak Mountain to disparage or assert any complaint, claim or charge, or to initiate any legal proceeding, against Oak Mountain or its related entities.

13.     **Torres is Not Prevailing Party**. Torres shall not be considered a prevailing party for any purpose.

14.     **Breach**. The Parties acknowledge that if either materially breaches or threatens to materially breach this Agreement, including but not limited to the Parties' obligations in the paragraphs pertaining to Confidentiality, and/or commences a suit or action or complaint in contravention of this release and waiver of claims, the Parties' obligations to perform under this Agreement immediately shall cease and the aggrieved Party shall be entitled to all other remedies allowed in law or equity, specifically including liquidated damages. The prevailing party in such an action is entitled to attorneys' fees and costs. The parties agree that they shall request that the District Court for the Northern District of Georgia retain jurisdiction over any action arising under this paragraph. If the District Court refuses jurisdiction, the Parties agree that such action may be filed in any Georgia state court of competent jurisdiction. Torres and Oak Mountain hereby expressly waive any and all right to a trial by jury with respect to any

action, proceeding or other litigation resulting from or involving the enforcement of this Agreement or otherwise related to his employment with Oak Mountain.

15. **Entire Agreement**. This Agreement contains the entire agreement and understanding between Torres and Oak Mountain with respect to any and all disputes or claims that Torres has, or could have had, against Oak Mountain as of the date this Agreement is executed, and supersedes all other agreements between Torres and Oak Mountain with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by both Torres and Oak Mountain.

16. **Severability**. The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the Parties.

17. **Parties' Acknowledgement.** **The Parties acknowledge that no representation, promise or inducement has been made other than as set forth in this Agreement, and that the Parties enter into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. The Parties further acknowledge and represent that each assumes the risk for any mistake of fact now known or unknown, and that each Party understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Torres also acknowledges: (a) that he has consulted with or has had the opportunity to consult with an attorney of his choosing concerning this Agreement and has been advised to do so by Oak Mountain; and (b) that Torres has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or Torres' Attorney's advice. Torres acknowledges that he has been given a reasonable time to consider the terms of this Agreement. Torres acknowledges that the proceeds of this Agreement shall not be cause for the recomputation of any of his individual benefits that may have been provided by Oak Mountain, including but not limited to, retirement benefits. Torres further represents and agrees that the terms of this Agreement have been**

translated to him in Spanish, and that he thoroughly discussed all aspects of this Agreement, fully understands all of the provisions of this Agreement, and that he is voluntarily entering into this Agreement.

18.   **Headings**   The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement

19.   **Execution**   This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document

DATE: 07-28-15                  Signature: _David Torres_
                                          DAVID TORRES

DATE: 07/29/15                  Signature: _Kevin Hagg_
                                          CARROLLTON SHM   OAK
                                          MOUNTAIN, LLC d/b/a OAK
                                          MOUNTAIN GOLF CLUB